UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BALLY LEE VELDHUIS and OLF
VELDHUIS,
    *Plaintiffs*,

v.

GEICO GENERAL INSURANCE CO. *et al.*,
    *Defendants*.

No. 3:22-cv-1042 (JAM)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This case is about an insurance dispute. The *pro se* plaintiffs are husband and wife, and they have sued their car insurance company and several officers and employees of the insurance company. They allege federal law claims for violation of Title III of the Americans with Disabilities Act (ADA) and for violation of their civil rights under 42 U.S.C. § 1983. They also allege a state law claim for breach of the insurance contract.

The defendants have moved to dismiss. I agree with the defendants that the complaint does not allege enough facts to plausibly support the plaintiffs' ADA and § 1983 claims. I also agree with the defendants that I should decline to exercise supplemental jurisdiction over the plaintiffs' state law claim. Therefore, I will grant without prejudice the defendants' motion to dismiss.

**BACKGROUND**

The plaintiffs—Olf and Bally Lee Veldhuis—live in Connecticut.[1] They have filed this lawsuit against the defendant Geico General Insurance Co. ("GEICO") and multiple GEICO officers and employees.

---

[1] Doc. #8 at 2.

1

The lawsuit arises from an automobile accident in New York involving a car that was driven by Olf Veldhuis, that was owned by Bally Lee Veldhuis, and that was insured by GEICO.[2] The amended complaint alleges that GEICO did not properly handle the claim for insurance coverage.[3] In addition, Bally Lee Veldhuis alleges that she has a mental health disability that prevents her from effectively orally advocating on behalf of herself with respect to negotiation of an insurance claim and that GEICO failed to grant her a reasonable accommodation for this disability. In particular, she alleges that GEICO refused to send her a "C-380 form" so that she could communicate her concerns to GEICO in writing and in a way that "would provide structure to the conversation."[4]

The complaint relies on these allegations concerning the denial of a C-380 form to support federal law claims against the defendants for disability discrimination in violation of Title III of the ADA and under 42 U.S.C. § 1983 for violation of the plaintiffs' federal civil rights.[5] The complaint also alleges that the defendants breached the insurance contract by discontinuing payments for a substitute rental car and by insisting on the execution of a power-of-attorney form to relinquish title for the car to GEICO.[6] The defendants now move to dismiss.[7]

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).[8] The

---

[2] *Id.* at 2, 10.
[3] *Id.* at 2.
[4] *Id.* at 4–6, 10–12, 16–17.
[5] *Id.* at 13–14.
[6] *Id.* at 15–16.
[7] Doc. #18.
[8] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text

"plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court need not accept allegations that couch legal conclusions in the form of factual allegations or that are otherwise conclusory. *See Hernandez*, 939 F.3d at 198. In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—states enough facts to establish a facially plausible claim for relief.

The Court liberally construes the pleadings of a *pro se* party in a non-technical manner to raise the strongest arguments that they suggest. *See, e.g., McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

### *ADA claim*

Title III of the ADA prohibits places of public accommodations and owners, lessors, lessees, and operators of public accommodations from discriminating on the basis of disability. *See* 42 U.S.C. § 12182(a). "In order to state a claim for violation of Title III, … a plaintiff must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94–95 (2d Cir. 2012).

Solely for purposes of this motion I will assume that the plaintiffs have established the first two of these elements—that Ms. Veldhuis has a disability and that GEICO provides a public

---

quoted from court decisions.

accommodation subject to the ADA. I will focus instead on the third element—whether the complaint plausibly alleges an act of discrimination that is prohibited under Title III of the ADA.

As Title III makes clear, one form of unlawful discrimination is the failure to make a reasonable modification or accommodation. The statute lists as one form of discrimination "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." § 12182(b)(2)(A)(ii).

This language states that the proposed accommodation must be one that is both "reasonable" and that is "necessary" for the disabled person to have access and use the goods and services offered by the provider of public accommodations. A plaintiff may show that an accommodation is necessary by showing that without the accommodation they will not have meaningful access to the provider's goods and services. *See Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 85 (2d Cir. 2004); *see also Henrietta D. v. Giuliani*, 119 F. Supp. 2d 181, 209 (E.D.N.Y. 2000), *aff'd sub nom. Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003).

The complaint alleges that GEICO's failure to furnish a C-380 form as requested by Ms. Veldhuis constituted a denial of a reasonable accommodation. But the complaint is vague about what a C-380 form is and in what manner it meaningfully "structures" written communications between a policyholder and the insurance company. At oral argument, Ms. Veldhuis acknowledged that she had never seen such a form. And when I asked her if the specific

4

information that she wanted to put in writing to GEICO was elicited on the form, she could not say whether it was.

To be sure, public accommodations must "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). And examples of such auxiliary aids or services include "written materials" or an "exchange of written notes." 28 C.F.R. § 36.303(b)(1). If GEICO had barred Ms. Veldhuis from communicating at all with the company in writing and required her solely to negotiate the claim by means of oral communications, then such conduct might well qualify as a failure to provide a reasonable modification that was necessary in light of Ms. Veldhuis's disability.

But Ms. Veldhuis does not allege that GEICO prohibited her from communicating in writing *writ large*—only that GEICO did not provide her with and allow her to use the requested C-380 form. There is no dispute that GEICO allows customers to submit written requests and materials. The complaint does not allege enough facts to show that it was necessary for Ms. Veldhuis to receive and use a C-380 form in particular in order for her to negotiate her claim with GEICO or more generally to access and use GEICO's insurance services.

In short, the complaint does not allege facts to plausibly suggest that GEICO denied Ms. Veldhuis a reasonable modification or accommodation. Accordingly, I will dismiss the ADA claim as alleged in the amended complaint.

### *Section 1983 claim*

The amended complaint alleges that the defendants violated 42 U.S.C. § 1983, a statute which allows a plaintiff to seek a remedy for the violation of a federal statute or the federal constitution against a person who has engaged in the violation while acting under color of state law. Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

As I understand the amended complaint, it alleges a violation of § 1983 by reason of the defendants' underlying violation of the ADA. But as discussed above, the amended complaint does not allege plausible grounds for relief under the ADA. So that means it does not allege plausible grounds for relief under § 1983 either.

In addition, the amended complaint fails to allege facts to suggest that any of the defendants acted under color of state law as § 1983 requires. A party acts under color of state law if they are a "state actor" who "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Only rarely does § 1983 extend to private persons or entities who are not employed by the state or local government. For a private person or entity to be liable under § 1983, a plaintiff must show that: "(1) the [person or] entity acts pursuant to the coercive power of the state or is controlled by the state; (2) the state provides significant encouragement to the [person or] entity, and the [person or] entity is either a willful participant in joint activity with the state or the entity's functions are entwined with state policies; or (3) the [person or] entity has been delegated a public function by the state." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 147 (2d Cir. 2020).

The defendants in this action are a private insurance company and several of its officers and employees. The complaint does not allege facts to plausibly show that these defendants are controlled by the state government, that they acted pursuant to the coercive power of the state government, that they were delegated a public function by the state government, or that they were willful participants in state government activities.

Instead, the Veldhuises claim that the defendants were state actors because they are subject to regulation under state insurance law. "But a private entity does not become a state actor for purposes of § 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). "Rather, there must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." *Ibid.*

The Supreme Court has rejected an argument that a private insurance company constitutes a "state actor" for purposes of § 1983 simply because the insurance company is subject to state regulation. *See Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49–58. The Eastern District of New York has specifically rejected the argument "that GEICO's provision of insurance to government employees or its regulation by the New York State Insurance Department somehow makes it a state actor." *Gillingham v. Geico Direct*, 2008 WL 189671, at *7 (E.D.N.Y. 2008). And many other courts have likewise declined to find that a private insurance company is a "state actor" who may be liable under § 1983. *See Holmes v. Health First*, 2022 WL 4134700, at *3 (S.D.N.Y. 2022); *Avent v. Progressive Cas. Ins. Co.*, 2021 WL 168500, at *3 (S.D.N.Y. 2021); *Randall v. Amica Mut. Ins. Co.*, 2017 WL 6408937, at *4 (N.D.N.Y. 2017).

In short, the amended complaint does not allege facts to plausibly suggest that the defendants violated any federal law that may serve as the basis for an action under § 1983 or that

any of the defendants were state actors as § 1983 requires. Accordingly, I will dismiss the § 1983 claim as alleged in the amended complaint.

### *State law claim*

The only remaining claim is for breach of contract under state law. But the complaint does not allege any independent basis for federal jurisdiction over this claim. The diversity jurisdiction statute requires that all the plaintiffs be citizens of a different State than all the defendants and that there be an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). Ms. Veldhuis told me at oral argument that the plaintiffs seek $30,000—less than half what is required for federal diversity jurisdiction.

A federal court may exercise supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(c)(3). But federal courts ordinarily decline to exercise supplemental jurisdiction when all federal law claims have been dismissed and it is early in the litigation. *See Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). I decline in light of the values of judicial economy, convenience, fairness, and comity to exercise supplemental jurisdiction over the plaintiffs' state law claim so long as there are no related federal claims.

### CONCLUSION

For the reasons set forth above, the Court GRANTS without prejudice defendants' motion to dismiss (Doc. #18). This order of dismissal is without prejudice because a court should ordinarily grant a *pro se* plaintiff at least one opportunity to file an amended complaint unless it is clear that any restated or added claims in an amended complaint would be futile. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). It is too early for me to say that any amended complaint would necessarily be futile. If the plaintiffs have good faith grounds to file an amended complaint that overcomes the deficiencies discussed in this ruling or that plausibly allege

additional claims for relief, then they may file an amended complaint on or before **February 9, 2023**.

I caution the plaintiffs, however, that they should very carefully consider whether there are well-founded grounds to continue this litigation in federal court and whether they would be better off as the defendants suggest pursuing their state law claim against GEICO for breach of contract in state court. The type of dispute about car insurance that the plaintiffs have with the defendants is ordinarily the type of dispute that is resolved in state court.

The federal claims that the plaintiffs have lodged to date under the ADA and § 1983 are obviously deficient for the reasons explained in this ruling. At oral argument, the plaintiffs suggested that they may wish to add federal RICO and ERISA claims, but it was apparent that they were not familiar with what these highly complex statutes require to state a successful claim. And it does not appear to me that the actions alleged in the amended complaint would support either a RICO or ERISA claim. It would be disappointing if the plaintiffs decide to file a second amended complaint only to assert claims that have not been carefully thought out and that will be readily subject to dismissal again.

The Clerk of Court shall close this case subject to re-opening only in the event that the plaintiffs choose to timely file an amended complaint.

It is so ordered.

Dated at New Haven this 19th day of January 2023.

>/s/ *Jeffrey Alker Meyer*
> Jeffrey Alker Meyer
> United States District Judge